The order below is hereby signed.

Signed: September 17 2012



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
KERTWIN DANIELS,               )    Case No. 12-00415
                               )    (Chapter 7)
              Debtor.          )    **Not for Publication in**
                               )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR
TEMPORARY WAIVER OF THE PREPETITION CREDIT COUNSELING
<u>REQUIREMENT AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED</u>

The debtor has requested a temporary waiver of the
prepetition credit counseling requirement based upon exigent
circumstances, stating simply on his Exhibit D that: "Website not
responding."  For reasons explained in more detail below, the
court will deny the debtor's request for a temporary waiver of
the prepetition credit counseling requirement of 11 U.S.C. §
109(h).

Section 109(h) of 11 U.S.C. provides that all individuals
filing for bankruptcy must obtain an individual or group briefing
that outlines the opportunities for available credit counseling
and assists the individual in performing a related budget
analysis from an approved non-profit budget and credit counseling

agency during the 180-day period preceding the date of the filing of the individual's petition (these services are commonly referred to as "credit counseling").  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

The debtor has not described any requests for credit counseling services that he made prior to filing his petition and he has not explained why he was unable to obtain the required counseling services within seven days of any such request.  For instance, he has not explained when he tried to access the website, what credit counseling service website he attempted to access, how long the website was down, and why he could not request credit counseling from a different counseling service. His request for a temporary waiver can be denied on that basis

2

alone, without the need to determine whether he has described

circumstances that qualify as exigent within the meaning of 11

U.S.C. § 109(h)(3)(A)(i).  Nevertheless, the debtor has also

failed to describe any circumstances that qualify as exigent.  It

thus appearing that the debtor is ineligible for waiver, it is

ORDERED that the debtor's request (Dkt. No. 1) for a

temporary waiver of the prepetition credit counseling requirement

of 11 U.S.C. § 109(h) based upon exigent circumstances is DENIED.

It is further

ORDERED that within 7 days after entry of this order, the

debtor shall either file a valid prepetition credit counseling

certificate or show cause, by a writing filed with this court,

why this case ought not be dismissed based upon the debtor's

ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.